UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Christopher Robin Marchese-Santos,

Plaintiff,

v.

Northern State Correctional Facility, et al,

Defendants.

Civil Action No. 2:26-cv-00119

## REPORT AND RECOMMENDATION UNDER 28 U.S.C. § 1915A
(Doc. 1)

Christopher Robin Marchese-Santos, a prisoner in state custody representing himself, seeks to bring an action under 42 U.S.C. § 1983 alleging Defendants violated his First Amendment right to freely exercise his religion and his Fourteenth Amendment right to due process.[1] Because his financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a), Plaintiff's application for leave to proceed *in forma pauperis* is GRANTED. This Report and Recommendation screens the proposed Complaint and recommends dispositions on the asserted claims. *See* 28 U.S.C. § 1915A(a).

For the reasons explained below, I recommend that Plaintiff's claims against all Defendants in their official capacities and the claims against the Department of Corrections Central Office Human Resources in its individual capacity be DISMISSED. I further recommend

---

[1] In the caption of his proposed Complaint, and in his application to proceed *in forma pauperis* and accompanying financial affidavit, Plaintiff appears to bring this action on behalf of himself and unspecified family members. (Doc. 1-2 at 1, Doc. 1 at 1, Doc. 1-1 at 1.) However, a non-attorney representing himself may not bring an action on behalf of another. *See In re Texaco Inc. Shareholder Derivative Litigation*, 123 F. Supp. 2d 169, 172 (S.D.N.Y. 2000) ("It is well-established . . . that [the] right to proceed *pro se* does not encompass the right to proceed *pro se* on behalf of the interests of another."). Accordingly, I recommend that any Plaintiffs other than Mr. Marchese-Santos be DISMISSED from this action.

that Plaintiff's claims against "Vermont Government Commis[s]ioner Contractor of D.O.C. for VT[] State" (Doc. 1-2 at 3) be DISMISSED with leave to amend.

### Allegations of Plaintiff's Proposed Complaint

For purposes of screening, the Court assumes the truth of the factual allegations in Plaintiff's Complaint and construes the pleading to raise the strongest arguments it suggests. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam).

Plaintiff alleges he is a convicted and sentenced state prisoner at Northern State Correctional Facility ("NSCF"). (Doc. 1-2 at 2, 4.) He sues the Vermont Department of Corrections ("DOC") Religion Recreation Department at NSCF in its official capacity, the DOC Religion Recreation Coordinator at Southern State Correctional Facility ("SSCF") in their official capacity, the "Vermont Government Commis[s]ioner Contractor of D.O.C. for VT[] State" in his individual and official capacities, and DOC Central Office Human Resources in its individual and official capacity. (*Id.* at 2-3.)

Although Plaintiff's allegations as to Defendants' unconstitutional conduct are unclear, the Court has liberally construed the Complaint to discern the claims he appears to assert. Plaintiff alleges he is "a Native Indian of a [p]agan [r]eligion" and that Defendants violated his First Amendment right to freely exercise his religion when they deprived him of unspecified religious items, did not provide him religious meals, and prohibited him from carrying out his religious practices, including having prayer circles and a sweat lodge. (*Id.* at 3, 5.) When Plaintiff grieved one or more of these issues, a person identified as "Bill Collins" allegedly replied, "I just can't stop say[i]ng it's [n]ot a [r]eligion [m]a[y]b[e] you should switch . . . " and

2

"[W]e don't [a]ccept [p]agan[]s, it's not a [r]eligion only Catholic switch your[] [p]ractices[]."
(*Id.* at 7-8.)

Plaintiff further alleges that Defendants violated his Fourteenth Amendment due process rights when they denied his grievances, returned them as illegible, "waited out [t]he [t]ime" and then declared them untimely, failed to respond to them, and told him the matters he raised were not appropriate for the grievance process. (*Id.* at 4-6.)

Plaintiff seeks $6,500,500 in compensatory damages for violation of his First and Fourteenth Amendment rights. (*Id.* at 5.)

## Analysis

### I.   Statutory Screening of Prisoner Complaints

The Court is required to "review, before docketing, if feasible . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

3

570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.

Although the Court must read a self-represented plaintiff's complaint liberally, *Harris*, 818 F.3d at 56, "[d]ismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## II.    Official Capacity Claims

To state a claim under § 1983, a plaintiff "must allege (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (citation modified). A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* State correctional facilities are arms of the State, and their employees are "state officials[.]" *See Young v. Dep't of Corr.*, No. 2:16-cv-143-wks-jmc, 2016 WL 6500950, at *4 (D. Vt. Oct. 6, 2016). As part of the Vermont DOC, a state agency, the Vermont DOC Religion Recreation Department at NSCF and DOC Central Office Human Resources are not "persons" subject to liability under § 1983. *See Rush v. Fischer*, 923 F. Supp. 2d 545, 548 n.2 (S.D.N.Y. 2013). Similarly, the DOC Religion Recreation Coordinator and the "Vermont Government

4

Commissioner Contractor of DOC" sued in their official capacities are not persons subject to § 1983 liability.

Therefore, I recommend that Plaintiff's claims for money damages against all state entities and state officials in their official capacities, as well as the individual-capacity claims against the entity DOC Central Office Human Resources, be DISMISSED.

## III.    Individual-Capacity Claim Against "Vermont Government Commissioner Contractor of DOC"

To "establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). "[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections . . . in a § 1983 claim." *Id.* (internal quotation marks omitted); *Tangreti v. Bachmann*, 983 F.3d 609, 617 (2d Cir. 2020) ("[A] conception of supervisory liability—according to which a supervisor may be held liable based on a lesser showing of culpability than the constitutional violation requires—is inconsistent with the principle that officials may not be held accountable for the misdeeds of their agents." (internal quotation marks omitted)).

The Court construes "Vermont Government Commis[s]ioner Contractor of D.O.C. for VT[] State" (Doc. 1-2 at 3) to be the Commissioner of the Vermont DOC. However, the Complaint lacks any allegations that the Commissioner had any personal involvement in the alleged constitutional violations. Plaintiff attaches a grievance response he received from DOC, but it is signed by the Central Office Grievance Coordinator. There is no basis in the Complaint allegations to conclude the Commissioner was aware of any of Plaintiff's grievances.

5

I recommend DISMISSING Plaintiff's individual-capacity claims against "Vermont Government Commis[s]ioner Contractor of D.O.C. for VT[] State" (*Id.* at 3) with leave to amend.

## IV.   **Leave to Amend**

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (citation modified).

I recommend granting Plaintiff leave to amend his individual-capacity claims against the "Vermont Government Commis[s]ioner Contractor of D.O.C. for VT[] State" (Doc. 1-2 at 3) to permit him an opportunity to allege facts demonstrating personal involvement of a Defendant in the alleged constitutional violations. Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018). An Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and all the relief he seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as required by Rule 8, in numbered paragraphs as required by Rule 10, and bearing Plaintiff's signature as required by Rule 11.

For further reference, Plaintiff may consult a sample Complaint as well as the Court's Representing Yourself as a *Pro Se* Litigant Guide, available on the Court's website at

6

www.vtd.uscourts.gov/filing-without-attorney-1 or contact the District of Vermont Clerk's

Office for a self-represented party's informational pamphlet.

## CONCLUSION

For the reasons stated above, and having conducted the review required under 28 U.S.C.

§ 1915A, Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is GRANTED.  I

recommend that Plaintiff's claims against all Defendants in their official capacities and against

DOC Central Office Human Resources in its individual capacity be DISMISSED.  I recommend

that Plaintiff's claims against "Vermont Government Commis[s]ioner Contractor of D.O.C. for

VT[] State" (Doc. 1-2 at 3) be DISMISSED with leave to amend.

Dated at Burlington, in the District of Vermont, this 22nd day of June 2026.

_____
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate [judge]'s decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2nd Cir. 2008).