U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL 27 P 1: 35

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CHRISTOPHER ROBIN MARCHESE-SANTOS,   )
)
)
Plaintiff,   )
)
v.   )   Case No. 2:26-cv-119
)
NORTHERN STATE CORRECTIONAL   )
FACILITY, et al.,   )
)
Defendants.   )

**OPINION AND ORDER**
**(Docs. 3, 4, 5, 6, 7, 8)**

This is one of almost a dozen cases that Vermont prisoner Christopher Robin Marchese-Santos has instituted in this court since September 2025. In this case, representing himself and proceeding in forma pauperis, Mr. Marchese-Santos has filed a complaint under 42 U.S.C. § 1983 against Vermont officials and corrections personnel and entities, claiming that the defendants deprived him of religious items and religious meals and prohibited prayer circles and a sweat lodge in violation of his First Amendment rights and that the defendants responded improperly (or failed to respond) to his grievances in violation of the Fourteenth Amendment. (*See* Doc. 4.)[1] Screening the proposed complaint under 28 U.S.C. § 1915A, United States Magistrate Judge Kevin Doyle issued a Report and Recommendation ("R&R") recommending dismissal of the claims against all defendants in their official capacities and against Vermont Department of Corrections ("DOC") "Central Office Human Resources" in its individual

---

[1] In addition to the First and Fourteenth Amendments, the Complaint appears to include a passing reference to the Fifteenth Amendment. (Doc. 4 at 8.) None of the factual allegations relate to the right to vote protected under the Fifteenth Amendment.

capacity; and further recommending that the claims against "Vermont Government Commis[s]ioner Contractor of D.O.C. for VT[] State" be dismissed with leave to amend. (Doc. 3 at 7 (alterations in original).) No party has filed any objection to the R&R.

After the R&R was issued, Mr. Marchese-Santos filed four motions. The first is a "Motion to Amend." (Doc. 5.) The second is a motion to "strike" or "impeach," apparently seeking disqualification of Judge Doyle from this case. (Doc. 6.) Third, Mr. Marchese-Santos filed a motion to subpoena "all Evidence." (Doc. 7.) Fourth, he filed a motion to "Amend and Proce[e]d to in Person Arguments." (Doc. 8.)

## Standard of Review

In reviewing the R&R's screening under 28 U.S.C. § 1915A, the district judge must determine "de novo" any part of the recommendation to which a party properly objects. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). "The court may adopt those portions of the [R&R] to which no objection is made as long as no clear error is apparent from the face of the record." *United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024) (alteration in original; quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020)). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Cullen*, 194 F.3d at 405.

## Background

The R&R summarizes the allegations in Mr. Marchese-Santos's complaint. The complaint appears on form "Pro Se 14 (Rev. 12/16)," and Mr. Marchese-Santos's responses on Part I of that form identify the parties. Mr. Marchese-Santos is a convicted and sentenced

2

Vermont state prisoner; at the time he signed his Complaint in December 2025 he was incarcerated at the Northern State Correctional Facility ("NSCF").[2] (Doc. 4 at 2, 4.) The caption also lists unspecified members of Mr. Marchese-Santos's family as plaintiffs. (*Id.* at 1.) The court agrees with the R&R's analysis regarding a non-attorney's inability to bring an action on behalf of others,[3] and therefore adopts the R&R's recommendation that any plaintiffs other than Mr. Marchese-Santos be DISMISSED from this action. (Doc. 3 at 1 n.1.)

The complaint names four defendants: (1) the DOC Religion Recreation Department at NSCF in its official capacity; (2) the DOC Religion Recreation Coordinator at Southern State Correctional Facility ("SSCF") in their official capacity; (3) the "Vermont Gover[n]ment Commis[s]ioner Contractor of D.O.C. for VT[] State" in both individual and official capacities; and (4) DOC's Central Office Human Resources in both individual and official capacities. (Doc. 4 at 2–3.) The court agrees with the R&R that Mr. Marchese-Santos's allegations as to the defendants' unconstitutional conduct are not entirely clear. (Doc. 3 at 2.) The court also concurs with the R&R's effort to construe the complaint liberally; the § 1983 claims appear to be based on the following allegations.

---

[2] The Vermont Department of Corrections online locator indicates that Mr. Marchese-Santos is currently incarcerated at the Southern State Correctional Facility ("SSCF") in Springfield, Vermont. *See* Offender Locator, https://www.vermont.gov/service/offender-locator (last visited July 27, 2026) (follow hyperlink to omsweb.public-safety-cloud.com URL and search for permanent ID 172242).

[3] Page 11 of the Complaint identifies an attorney in Buffalo, New York. (Doc. 4 at 11.) However, no attorney has entered an appearance in this case on behalf of Mr. Marchese-Santos or any of the other purported plaintiffs. In other filings, Mr. Marchese-Santos describes himself as a certified paralegal and as an attorney licensed in Puerto Rico; he also references a "Marchese Law Group Inc." (Docs. 5, 6, 8.) He has provided no evidence of the purported certification or licensure, and the court's own research reveals no such evidence.

3

Mr. Marchese-Santos is a "Native Indian of a Pagan Religion." (Doc. 4 at 5.) He is also a deaf person. (*Id.* at 13.) While Mr. Marchese-Santos was incarcerated at NSCF and SSCF, prison personnel prohibited him from receiving unspecified religious items, failed to provide Native American religious meals, and prohibited him from carrying out religious practices, including having prayer circles and a sweat lodge. (*Id.* at 3, 5, 6.) According to Mr. Marchese-Santos, DOC personnel embezzled government funding intended to provide prisoners with such recreational and religious activities or services. (*See id.* at 8, 14, 15.)

Mr. Marchese-Santos filed multiple grievances regarding one or more of these issues. (*Id.* at 6–8; *see also id.* at 13–15 (informal grievance (Form 1) dated September 26, 2024; formal grievance (Form 2) dated November 3, 2025; appeal to commissioner (Form 3) dated November 21, 2025).) In response to Mr. Marchese-Santos's informal grievance dated September 26, 2024, staff advised that the facility had a process to screen individuals for eligibility for religious meals and recommended that Mr. Marchese-Santos contact Volunteer Coordinator Bill Collins "for help clarifying this issue." (Doc. 4 at 13.) Mr. Marchese-Santos contacted Mr. Collins, who responded: "I just can't stop say[i]ng it's [n]ot a [r]eligion [maybe] you should switch" (*id.* at 7); and: "We don't [a]ccept [p]agan[]s, it's not a [r]eligion only Catholic switch you[r] [p]ractices[]" (*id.* at 8).

Mr. Marchese-Santos further alleges that Defendants violated his Fourteenth Amendment due process rights when they denied his grievances, returned them as illegible, "waited out [t]he [t]ime" and then declared them untimely, failed to respond to them, and told him the issues he raised were not appropriate for the grievance process. (*Id.* at 4–6.) Mr. Marchese-Santos seeks a total of $6,500,500 in damages for the alleged First and Fourteenth Amendment violations. (*Id.* at 5.)

4

## Analysis

### I.   Report and Recommendation (Doc. 3)

The R&R thoroughly reviews the statutory requirements for screening prisoner complaints. (Doc. 3 at 3–4.) Addressing the official-capacity claims, the R&R accurately describes § 1983's inapplicability to non-"persons" and recommends dismissal of the claims for money damages against all state entities and state officials in their official capacities, and the individual-capacity claims against the entity "DOC Central Office Human Resources." (*Id.* at 4–5.) Addressing the remaining individual-capacity claim against "Vermont Government Commissioner Contractor of DOC" (construed to be the DOC Commissioner), the R&R reviews the personal-involvement requirement and concludes that the Complaint lacks any allegations that the Commissioner had any personal involvement in the alleged constitutional violations. (*Id.* at 5.) The court finds no error in this analysis and adopts it in full, together with the R&R's recommendation to grant leave to amend.

### II.   June Motion to Amend (Doc. 5)

Mr. Marchese-Santos filed a "Motion to Amend" dated June 31, 2026. (Doc. 5.) Because the court is adopting the R&R's recommendation to grant leave to amend, the "Motion to Amend" appears to be moot insofar as it seeks leave to file an Amended Complaint. The remainder of the "Motion to Amend" appears to be an assertion that Mr. Marchese-Santos intends to "investigate" and "monitor" corrupt actions by government officials. (*Id.* at 1.)

### III.   Motion to Strike Judge Off Case (Doc. 6)

In another filing dated June 31, 2026, Mr. Marchese-Santos seeks to "Strike Judge of[f] Case." (Doc. 6.) The court interprets this as a motion to disqualify Judge Doyle under 28 U.S.C. §§ 144 or 455. To the extent that Mr. Marchese-Santos is objecting to Judge Doyle's rulings in

5

this case, the court finds no basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). To the extent that Mr. Marchese-Santos's motion is based on Judge Doyle's rulings in any of Mr. Marchese-Santos's other cases, or on any extrajudicial conduct, the court finds no evidence or other basis for recusal.

## IV.    Motion to Subpoena (Doc. 7)

In a motion dated July 3, 2026, Mr. Marchese-Santos seeks a court order requiring Defendants "[t]o produce all Evidence or Documents" in connection with this case. (Doc. 7 at 1.) In support, Mr. Marchese-Santos cites Vermont Rules of Civil Procedure 26(e) and 34. The equivalent procedural rules in federal court are Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses") and Fed. R. Civ. P. 34 ("Producing Documents, Electronically Stored Information, and Tangible Things"). However, this case is still at the pleadings stage; there is no basis for ordering Rule 34 discovery or Rule 26(e) supplementation because discovery has not yet commenced. *See, e.g.*, *Gallego v. Tandem Diabetes Care, Inc.*, No. 24-CV-146, 2025 WL 1548881, at *3 (E.D.N.Y. May 31, 2025) ("Plaintiff has not yet pleaded a plausible claim for relief and is therefore not entitled to discovery.").

Mr. Marchese-Santos also seeks transportation and housing at the "closest court location for the argument he[a]ring of case." (Doc. 7 at 1.) No argument or hearing has been scheduled in this case. Mr. Marchese-Santos has not demonstrated any authority or need for such logistical arrangements at this time.

## V.    July Motion to Amend and Proceed to In-Person Arguments (Doc. 8)

In an additional motion dated July 3, 2026, Mr. Marchese-Santos asks the court to "Amend Case and aut[h]ori[z]e [a]rgument to com[m]ence." (Doc. 8 at 1.) Consistent with the

6

R&R, the court is granting Mr. Marchese-Santos an opportunity to amend his complaint; the instructions for doing so are set forth at page 6 of the R&R. There is no basis for discovery or for a summary judgment procedure unless and until Mr. Marchese-Santos files a pleading that states a plausible claim.

## Conclusion

For the reasons stated above, the Report and Recommendation (Doc. 3) is AFFIRMED, APPROVED, and ADOPTED. All plaintiffs other than Mr. Marchese-Santos are DISMISSED from the action because, as a non-attorney, Mr. Marchese-Santos cannot bring an action on others' behalf. Plaintiff's claims against all Defendants in their official capacities and against DOC Central Office Human Resources in its individual capacity are DISMISSED. Plaintiff's claims against "Vermont Government Commis[s]ioner Contractor of D.O.C. for VT[] State" is DISMISSED with leave to amend. An Amended Complaint, if any, must comply with the instructions on page 6 of the R&R and must be filed by **August 28, 2026. Failure to file an Amended Complaint will result in dismissal of this case.**

Plaintiff's Motion to Amend dated June 31, 2026 (Doc. 5) is DENIED as moot insofar as it seeks relief that the court has already ordered by granting leave to amend.

Plaintiff's Motion to Strike Judge (Doc. 6) is DENIED.

Plaintiff's Motion to Subpoena (Doc. 7) is DENIED.

Plaintiff's Motion to Amend dated July 3, 2026 (Doc. 8) is DENIED as moot insofar as it seeks relief that the court has already ordered by granting leave to amend, and is DENIED

7

insofar as it seeks to proceed to discovery or summary judgment without first establishing a plausible claim in the pleadings.

Dated at Burlington, in the District of Vermont, this 27th day of July, 2026.

Geoffrey W. Crawford, Judge
United States District Court

8